UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID DOUGLAS BAHNMILLER,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

Civil Action No. 16-14097

HON. R. STEVEN WHALEN
U.S. Magistrate Judge

**OPINION AND ORDER RE: ATTORNEY FEES**

This is a Social Security Disability case. Following judicial review of an unfavorable administrative decision, this Court remanded the case for further proceedings, pursuant to Sentence Four of 42 U.S.C. § 405(g) [ECF No. 21]. On remand, the Administrative Law Judge issued a favorable decision and awarded benefits to the Plaintiff David Douglas Bahnmiller, including past benefits in the amount of $118,000.13.[1] The Plaintiff now brings a motion for attorney fees under 42 U.S.C. § 406(b) [ECF No. 23].

42 U.S.C. § 406(b) directs that a court may allow a "reasonable fee" for court-related services not exceeding 25 percent of a claimant's past-due benefits. 42 U.S.C.

---

[1] *See* Notice of Award, ECF No. 23, PageID.394 (two checks of $99,999.99 and $18,882.14, respectively).

§ 406(b)(1)(A). As is typical in Social Security Disability cases, Plaintiff entered into a 25% contingent fee agreement with his attorney. In *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 (2002), the Supreme Court recognized the permissibility of contingent fees within the confines of § 406(b), and subject to judicial review for reasonableness:

> "Most plausibly read, we conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."

*Gisbrecht* rejected the lodestar approach as the measure of reasonableness in a § 406(b) fee petition, *id.* at 806, giving primacy to the contingent fee agreement, but testing its reasonableness "based on the character of the representation and the results the representative achieved."

First, the Commissioner's response raises a question of whether Plaintiff's fee petition is timely, and although not taking a definitive position as to whether this would preclude granting the petition, the Commissioner leaves that determination to the Court. *Response*, ECF No. 24, PageID.401-402.

The Notice of Award letter was sent on August 29, 2019. With a 5-day period establishing a presumptive date of receipt, Plaintiff would ordinarily be presumed to have received the Notice by September 4, 2018. Under E.D. Mich. L.R. 54.2(a), which sets a 14-day period within which to file a fee petition, the petition would presumably be due by September 18, 2019. Instead, Plaintiff filed this fee petition of September 24, 2019.

While § 406(b) does not explicitly set forth a time limit for a fee petition, and the Sixth Circuit has not definitively addressed the issue of timeliness under that section, other Courts have held that the 14-day period under Fed.R.Civ.P. 54(d)(2)(B) is applicable, with the time to begin running from counsel's notification of the award. *See Walker v. Astrue* 593 F.3d 274, 279 -280 (3rd Cir. 2010); *Bergen v. Taylor,* 454 F.3d 1273, 1277 (11th Cir.2006); *Pierce v. Barnhart,* 440 F.3d 657, 663 (5th Cir.2006).[2] In this District, the time for filing a § 406(b) attorney fee petition is governed by E.D. Mich. L.R. 54.2(a), which provides that the attorney "must file and serve a social security fee mtion no later than 14 days after entry of judgment or receipt of the social security certificate award (notice of award), whichever is later." A delayed request can nevertheless be reviewed upon a showing of excusable neglect. *Soberay Machinery, supra,* 181 F.3d at 770 ("[I]t has been found that an untimely motion to review under Rule 54(d) may properly be entertained, in that the time limit is not jurisdictional...."), citing *Winston v. Town Heights Dev., Inc.,* 68 F.R.D. 431, 433 n. 2 (1975) and Moore's Federal Practice ¶ 54.77[9], at 1755 (2d ed.1974).

Plaintiff's counsel states that he received the Notice of Award on September 10, 2019, and if the 14 days under the local rule is calculated from that date, the petition is timely. I find that counsel has rebutted the five-day presumption that a Notice is received

---

[2] The Tenth Circuit uses the more imprecise "reasonable time" standard under Rule 60(b), *see McGraw v. Barnhart,* 450 F.3d 493, 505 (10th Cir.2006).

within five days after mailing, and that the petition is timely. But even if it were not timely under the local rule, the short delay is not jurisdictional and is excusable. *Soberay Machinery*.

I find that the fee request is reasonable. In making the reasonableness determination, "the court may require the claimant's attorney to submit not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fees yielded by the fee agreement, a record of the hours spent representing the claimant...." *Gisbrecht* at 806. I have reviewed counsel's declaration and time-sheets, appended to the petition, and find that the hours expended and the effective hourly rate are reasonable. The amount requested is within the 25% contingent fee agreement. I also note that counsel's representation of the Plaintiff was of the highest professional caliber, and the results he obtained were excellent.

Finally, fees awarded under § 406(b) should be offset by the amount of any fees awarded under the Equal Access to Justice Act ("EAJA"), with the EAJA fees being credited to the Plaintiff. *See Astrue v. Ratliff,* 130 S.Ct. 2521 (2010). No EAJA fees were requested or awarded in this case. Counsel states that based on 26.3 hours expended on the appeal to this Court, at the statutory rate of $125.00 per hour, an EAJA award would have been $3,287.50. ECF No. 23, pageID.387. Counsel states that notwithstanding no EAJA award, "Not wanting an unfair award, Plaintiff agrees to reduce the fee request by that amount." *Id*.

-4-

Therefore, Plaintiff's motion for attorney fees under 42 U.S.C. § 406(b) [ECF No. 23] is GRANTED, and fees are awarded in the amount of $20,433.03.

IT IS SO ORDERED.

                                                s/R. Steven Whalen  
                                                R. Steven Whalen  
                                                United States Magistrate Judge

Dated: March 12, 2021

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on March 12, 2021 electronically and/or by U.S. mail.

                                                s/Carolyn M. Ciesla  
                                                Case Manager